[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

No. 08-15925
Non-Argument Calendar
_____

Agency No. A097-186-575

SILVINA BEATRIZ AVELLANEDA,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 5, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Silvina Beatriz Avellaneda, a native and citizen of Argentina, through counsel, petitions this Court for review of the Board of Immigration Appeals's ("BIA") order denying her motion to reconsider the denial of a prior motion to reconsider the denial of a motion to reopen her removal proceedings. For the reasons set forth below, we deny the petition.

## I.

In January 2003, Avellaneda filed an application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, asserting that she had been persecuted on account of her political opinion. The Department of Homeland Security subsequently served Avellaneda with a notice to appear, charging her with removability for remaining in the United States longer than permitted, pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

After holding both an initial hearing and a removal hearing, an immigration judge entered an oral decision denying Avellaneda's application and ordering her removed to Argentina. Acting pro se, Avellaneda appealed that decision, and the BIA affirmed in an order dated November 27, 2006. Avellaneda did not petition this Court for review of the BIA's order. Instead, in September 2007, she filed a pro se motion to reopen, which the BIA denied in an order dated December 6,

2007. Avellaneda did not petition this Court for review of that order.

In January 2008, Avellaneda filed a pro se motion for reconsideration of the BIA's order denying her motion to reopen, and the BIA denied that motion in an order dated April 29, 2008. Avellaneda did not petition this Court for review of the April 29 order, but instead filed a pro se motion for reconsideration of that order. On September 24, 2008, the BIA denied the motion because, in addition to not identifying any error in its April 29 decision, it found that Avellaneda was barred under 8 C.F.R. § 1003.2(b)(2) from filing a motion to reconsider the denial of a previous motion to reconsider. Avellaneda then filed a petition for review of the BIA's September 24 order.

## II.

We have jurisdiction to review only the BIA's September 24 order denying Avellaneda's second motion for reconsideration, as she did not file a petition for review from any other order. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). "We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation omitted).

## III.

In this case, the BIA correctly found that Avellaneda's second reconsideration motion was barred by 8 C.F.R. § 1003.2(b)(2). That regulation

3

provides in pertinent part: "A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2) (emphasis added). Thus, the plain language of the regulation expressly prohibited Avellaneda from filing a motion to reconsider the denial of her first reconsideration motion.

We note that our decision in Calle addressed a different scenario, involving the first, rather than the second, clause of the above provision in § 1003.2(b)(2). In that case, the petitioner's first reconsideration motion was taken from the BIA's affirmance of the IJ's final order of removal, but her second reconsideration was taken from the BIA's denial of a subsequent motion to reopen. Calle, 504 F.3d at 1327. We concluded that the petitioner's second reconsideration motion was not numerically barred because § 1003.2(b)(2) permitted her to file one motion for reconsideration from each decision issued by the BIA. Id. at 1328-29. Calle is distinguishable because, unlike the petitioner in that case, Avellaneda did not seek reconsideration of a subsequent, intervening BIA decision. Instead, her second reconsideration motion sought review of the denial of her first reconsideration motion, which is squarely prohibited by § 1003.2(b)(2). Thus, the BIA correctly found her motion to be barred by § 1003.2(b)(2) and, for this reason, did not abuse its discretion.

With respect to Avellaneda's contention that the BIA was permitted to disregard § 1003.2(b)(2) by exercising its <u>sua sponte</u> authority to reopen, we have recently held that the BIA's failure to do so is not subject to review. <u>Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1292-94 (11th Cir. 2008). In addition, as the government points out, Avellaneda's emphasis on her <u>pro se</u> status below is unavailing because it well-established that <u>pro se</u> litigants are not exempt from general procedural rules like the one contained in § 1003.2(b)(2). <u>See</u> <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007). Finally, we lack jurisdiction to consider the remainder of Avellaneda's arguments on appeal, as they relate only to the underlying removal proceedings and her motion to reopen. Accordingly, we deny her petition.

**PETITION DENIED.**